UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE WITTMANN, <br><br>             Plaintiff, <br><br>     vs. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br>             Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **CASE NO. _____** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Anne Wittmann brings this action against Defendant Unum Life Insurance Company of America ("UNUM") seeking redress for UNUM's unsupportable and bad faith denial of her claim for long-term disability benefits.

**JURISDICTION AND VENUE**

1.  Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f).  Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan underwritten and administered by UNUM for the benefit of employees of Baker, Donelson, Bearman, Caldwell, Berkowitz PC ("Baker Donelson").  In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism of administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Eastern District of Louisiana because Ms. Wittmann resides in this district and resided in this district when UNUM wrongfully denied her claim for long term physical disability benefits. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

## NATURE OF ACTION

4. Plaintiff Anne Wittmann seeks disability income benefit payments pursuant to a policy of insurance underwritten by UNUM to provide Long Term Disability Insurance Benefits (the "Plan"), policy number 219824. This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

## THE PARTIES

5. Anne Wittmann ("Ms. Wittmann" or "Plaintiff") is and was at all times relevant a resident of New Orleans, Louisiana.

6. At all times relevant, Unum was doing business throughout the United States and within the Eastern District of Louisiana. At all times relevant, UNUM was the both underwriter and the benefits administrator for the Plan.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to her employment, Ms. Wittmann received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Plan.

## STATEMENT OF FACTS

8. Ms. Wittmann was employed full-time by Baker Donelson as an attorney until December 31, 2013, when she ceased to work as the result of severe pain and chronic fatigue caused by fibromyalgia. Since then and due to her physical impairments, Ms. Wittmann has been unable to work on a regular basis.

9. Ms. Wittmann made a claim for benefits under the Plan but benefits for her physical disability were denied.

10. Ms. Wittmann submitted an appeal citing evidence of physical disability that plainly demonstrates she is physically disabled under the terms of the policy. However, despite the overwhelming and convincing evidence supporting Ms. Wittmann's appeal, UNUM has maintained its refusal to pay benefits for Ms. Wittmann's physical disability and all avenues of administrative appeal have now been exhausted.

11. Since the onset of her disability, Ms. Wittmann has continuously met the definition of "disability" as defined in the Plan:

> You are disabled when Unun determines that due to your sickness or injury:
>
> 1. You are unable to perform the material and substantial duties of your regular occupation and are not working in your regular occupation or any other occupation
>
> or,
>
> 2. You are unable to perform one or more of the material and substantial duties of your regular occupation, and you have a 20% or more loss in your indexed monthly earnings while working in your regular occupation or any other occupation.

12. Ms. Wittmann's treating physicians concluded she is unable to function in her job as a lawyer due to fibromyalgia and the disabling pain, fatigue and related inability to concentrate that it causes.

13. Moreover, an examining psychologist retained independently by the Social Security Administration also found that Ms. Wittmann is physically disabled due to fibromyalgia.

14. Since the time her disability began and continuing to the present date, Ms. Wittmann has been unable to perform the material and substantial duties of her job as a lawyer at Baker Donelson.

15. Notwithstanding the foregoing, UNUM has refused to consider Ms. Wittmann physically disabled.

16. The determination by UNUM that Ms. Wittmann is not physically disabled is contrary to the Plan, contrary to the evidence, and has no rational support. UNUM's determination is also contrary to the reports of the treating and examining physicians and other medical service providers. Finally, UNUM's decisions on appeal contradict its initial decision made on October 3, 2014 as well as each other, contradict its own observations and findings, and are patently untenable.

17. As a result, and because the medical evidence shows Ms. Wittmann has met the Plan definition of "disability" continuously since the onset of her disability in December 2013, she is entitled to an award monthly disability insurance payments, and such benefits must be continued until she recovers from her disability, death, or to age 66 and 10 months, whichever comes first.

1234850v.1

WHEREFORE, Plaintiff Anne Wittmann prays for the following relief:

A.  That the Court enter judgment in her favor and against the Defendant, and order the Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she has been and remains entitled.

B.  That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C.  That the Court order Defendant to continue paying Plaintiff benefits until such time as she meets the policy conditions for discontinuance of benefits.

D.  That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E.  That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

    Respectfully Submitted

    */s/ Rachel W. Wisdom*

    Rachel W. Wisdom, #21167
    Kathryn M. Knight, #28641
       Of
    STONE PIGMAN WALTHER WITTMANN L.L.C.
    909 Poydras Street
    Suite 3150
    New Orleans, Louisiana 70112
    Telephone: (504) 581-3200

    *Attorneys for Ms. Anne Wittmann*

1234850v.1