UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE WITTMANN | CIVIL ACTION |
| VERSUS | NO. 17-9501 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | SECTION "F" (2) |

## ORDER AND REASONS ON MOTION

Plaintiff asserts that defendant denied her claim for long-term disability benefits in bad faith, and she seeks recovery of those benefits pursuant to § 502(a)(1)(B) of the Employee Retirement Income Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Record Doc. No. 1 at ¶¶ 1 and 4. Anne Wittmann ("Wittmann") was formerly employed as an attorney at Baker, Donelson, Bearman, Caldwell, Berkowitz PC ("Baker Donelson"). Record Doc. No. 1 at ¶ 8. She was a plan participant under a group benefits plan underwritten and administered by defendant Unum Life Insurance Company of America ("Unum") for the benefit of Baker Donelson employees. Id. at ¶ 1; Record Doc. No. 4 at p. 1.

Plaintiff contends that she became disabled and ceased work on December 31, 2013, and she sought disability benefits on April 2, 2014. Record Doc. Nos. 1 at ¶¶ 8 and 9 and 16-2 at p. 2. Defendant denied her claim on October 3, 2014. Id. at ¶ 16 and p. 2. Plaintiff appealed Unum's decision, and Unum denied her appeal on May 29, 2015 and July 20, 2015. Record Doc. No. 16-2 at p. 2. She then filed this action against the plan on September 22, 2017, under 502(a)(1)(B) of ERISA, requesting that this court declare her entitled to benefits under the plan. Record Doc. No. 1 at p. 5.

On January 22, 2018, plaintiff propounded interrogatories, requests for admission and requests for production of documents on defendant. Plaintiff requested that defendant produce evidence "pertaining to the extent of [Unum's] conflict of interest as both underwriter and claims administrator of her Long Term Disability Insurance Plan (the "Plan")." Record Doc. No. 16-4 at p. 1. Defendant responded on February 21, 2018, and objected to plaintiff's requests as vague, ambiguous, overbroad, compound, burdensome, irrelevant, invasive of the rights of individual employees or other insureds and protected attorney-client privilege or work product. Record Doc. Nos. 16-2 at p. 1 and 16-5 at pp. 1-2.

Plaintiff moved to compel on May 27, 2018. Record Doc. No. 16. Plaintiff's original motion papers were substantially <u>un</u>helpful to the court because they took a blunderbus approach to the relief plaintiff sought. Specifically, her original memorandum in support of the motion identified alleged deficiencies only in defendant's responses to Interrogatories Nos. 2, 8, 9, 10, 17 and 18; Requests for Production Nos. 3, 4 and 8 and Requests for Admission Nos. 2, 3, 4 and 5.[1]

On April 9, 2018, defendant filed its opposition memorandum, principally arguing that plaintiff is not entitled to the requested discovery because the administrative record is sufficient for the court to determine whether and the extent to which Unum's conflict of interest improperly influenced plaintiff's benefits decision. Record Doc. No. 24.

---

[1] Exhibit A to plaintiff's motion, Record Doc. No. 16-3 (list of specific responses and deficiencies), identified additional discovery requests allegedly at issue, but was equally unhelpful to the court in its conclusory explanations of why the responses were deficient. This kind of disjointed and convoluted briefing makes it difficult and unduly burdensome for the court to determine what a movant wants and why and provides further evidence that the art of persuasion is dying before my eyes.

In addition, defendant supplemented its responses to the discovery requests on April 6, 2018, and attached its supplemental responses to its opposition memorandum. Record Doc. No. 24-1 at p. 47. Plaintiff filed a reply to defendant's opposition memorandum on April 10, 2018, in which she asserts that Unum's supplemental responses remain deficient. Record Doc. No. 27. It was only in the reply memorandum that plaintiff specifically identified additional discovery responses she alleges are deficient. The court will address only those responses specifically identified as allegedly deficient in plaintiff's supporting and reply briefs and deems waived any deficiency argument as to requests <u>not</u> so identified.[2]

## STANDARD OF REVIEW

Fed. R. Civ. P. 26(b)(1) states in pertinent part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Limitations on discovery include those set out in Fed. R. Civ. P. 26(b)(2)(C), including that the court must limit the frequency or extent of discovery otherwise allowed by the Rules if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii).

---

[2] This waiver applies to Interrogatories Nos. 5 and 11, Requests for Production Nos. 5, 6, 7, 9 and 15 and all Requests for Admissions Nos. 2-5.

Discovery is further limited in ERISA cases. As outlined by this court in a recent case, binding United States Court of Appeals for the Fifth Circuit precedent provides that

> [w]ith respect to ERISA actions brought under 29 U.S.C. § 1132(a), courts are charged with monitoring discovery "closely" because review is "essentially analogous to a review of an administrative agency decision." Crosby v. La. Health Servs. & Indem. Co., 647 F.3d 258, 264 (5th Cir. 2011). As such, discovery is disallowed where it would constitute reconsideration of the administrative record and whether coverage should have ultimately been afforded. Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 299-300 (5th Cir. 1999), abrogated on other grounds by Met. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). However, this prohibition does not extend to other questions which may arise in an ERISA action, such as "(1) the completeness of the administrative record; (2) the plan administrator's compliance with ERISA's procedural regulations; and (3) []the existence and *extent* of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Crosby, 647 F.3d at 263 (emphasis added).

Fluitt v. Mut. of Omaha Ins. Co., No. 12-2800, 2013 WL 3930090, at *2 (E.D. La. July 26, 2013) (Roby, M.J.). In addition,

> [e]vidence is irrelevant to the validity of the decision regarding coverage under the plan unless it "is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures." Crosby, 647 F.3d at 263. The district court hewed carefully to this limitation, striking offending portions and admitting only those that assisted "the district court in understanding the medical terminology or practice."

Jurasin v. GHS Prop. & Cas. Ins. Co., 463 F. App'x 289, 292 (5th Cir. 2012).

As to attorney-client privilege,

> [a]n ERISA plan is a separate legal entity from its sponsor, 29 U.S.C. § 1132(d), and a plan's administrator owes a fiduciary duty to the plan's beneficiaries, not its sponsor. When an attorney advises a plan administrator or other fiduciary concerning plan administration, the attorney's clients are the plan beneficiaries

> for whom the fiduciary acts, not the plan administrator. Therefore, an ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal advice dealing with plan administration.

Wilbur v. ARCO Chem. Co., 974 F.2d 631, 645 (5th Cir. 1992) (citing 29 U.S.C. § 1002(21), 1103(a) and (c)(1); Wash.-Baltimore Newspaper Guild, Local 35 v. Wash. Star Co., 543 F.Supp. 906, 909 (D.D.C. 1982)); accord Arnold v. F.A. Richard & Assocs., Inc., No. 99-2135, 2000 WL 1693659, at *5 (E.D. La. Nov. 8, 2000) ("[T]he Court may, in instances where the administrator of an ERISA plan may have abused its discretion or where there are issues regarding lack of good faith, allow more evidence than that contained in the administrative record, including legal advice dealing with plan administration.").

Applying the foregoing standards and having considered the motion papers and the record as a whole, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

## ANALYSIS

(A)    General Objections

As initial matters, I note that defendant has asserted a laundry list of "General Objections" that only obfuscate and confuse both the plaintiff and the court concerning what objections defendant is actually making to what particular discovery requests, what information it has actually produced and whether a complete response has been made. "In every respect these objections are text-book examples of what federal courts have routinely deemed to be improper objections." St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citing Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 592-93

(W.D.N.Y. 1996) (general objections not sufficiently specific to allow court to ascertain objectionable character of discovery request); Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.")); see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.") (citation omitted). If defendant has a specific objection to a particular request, it must state the objection "with specificity." See Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons.") (emphasis added); McLeod, Alexander, Powel & Apffel, 894 F.2d at 1485. Thus, the court will ignore all of these objections, except insofar as they are specifically asserted in defendant's individualized response to particular discovery requests.

In addition, I overrule defendant's attorney-client privilege and work product objections. Based upon the precedent cited above, I find that the "fiduciary exception" precludes assertion of these objections as to Unum attorneys who participated in the claim review, evaluation and denial under the circumstances presented by defendant's status in this case. Defendant retains its privilege and work product objections only insofar as they involve its counsel of record's work in this case.

(B)     Particular Responses

The motion is granted as to Interrogatories Nos. 6 and 7 and Request for Production No. 1. The information sought is relevant to the existence and extent of defendant's conflict of interest. All objections are overruled. With respect to Request for Production No. 1, defendant must produce the documents requested with any personal information redacted from the subject performance evaluations. See Parish v. Aetna Life Ins. Co., No. 12-2315, 2013 WL 3974534, at *4 (E.D. La. Aug. 2, 2013) ("The Court also finds that with regard to the performance evaluations, only those related to those employees who reviewed plaintiff's claim are discoverable. . . . Any personal information should be redacted from the evaluations."). As to Interrogatories Nos. 6 and 7, defendant must provide compensation information for those attorneys and physicians, if any, who advised defendant on the administration of plaintiff's claim and must identify the individual(s) with the most comprehensive knowledge of that compensation information. The current answers are incomplete because they do not provide all information sought by these requests, as detailed in plaintiff's reply memorandum. Full and complete answers, without objections, must be provided. Record Doc. Nos. 24-1 at p. 18-19 and 27 at p. 5, ¶¶ D and E.

The motion is also granted, limited to the relevant time period set out above, as to Requests for Production Nos. 8, 13 and 14 because these requests seek materials that appear relevant to how defendant has interpreted the terms of this plan in the past. Defendant's current responses concerning the Benefits Center Claim Manual do not address whether the manual is the only responsive document in its possession, custody or control or whether it has additional

responsive material it is withholding subject to its objections. Record Doc. No. 24-1 at pp. 43-45. All objections, except as to the time limitation, are overruled.

The motion is granted as to Interrogatories Nos. 1 and 2. Defendant must provide the educational and professional background, length of employment with Unum and official position title of each attorney in its supplemental answers.

Plaintiff's motion is denied as to Requests for Admission Nos. 2, 3, 4 and 5, Requests for Production Nos. 3 and 4 and Interrogatories Nos. 3, 4, 8, 9 and 10. Defendant provided supplemental responses to Requests for Admission Nos. 2, 3, 4 and 5, Interrogatory No. 10 and Requests for Production Nos. 3 and 4. Although most of the objections are overruled, the responses provided subject to the objections appear sufficient, and plaintiff did not contest the sufficiency of those responses in its reply to defendant's opposition memorandum. Record Doc. No. 24-1 at pp. 4-7, 21-22 and 34-36. Defendant also supplemented its response to Interrogatories Nos. 8 and 9 by producing "all communications which reference consult with an individual in Unum's legal department and the response received." Record Doc. No. 24-1 at pp. 19-20 and 60-71 (emphasis added). Plaintiff's motion is also denied as to Interrogatories Nos. 3 and 4 because defendant has stated that "all information related to the administration of benefits during the relevant time frame [of April 2, 2014 to July 31, 2017] has been provided in the form of Unum's Benefits Center Claims Manual." Record Doc. No. 24-1 at pp. 13 and 15 (emphasis added); Fed. R. Civ. P. 33(d). Defendant provided an updated copy of its Benefits Center Claims Manual through February 28, 2018. Id. Plaintiff did not dispute defendant's objection that any information regarding Unum's hiring and firing practices are irrelevant and disproportionate to

the needs of the case. Record Doc. No. 27 at p. 4, ¶ C. These objections are sustained.

The motion is also denied as to Interrogatories Nos. 13, 14, 15, 16, 17 and 18 and Requests for Production Nos. 10, 11 and 12. I agree with and find persuasive the recent decision by the United States District Court for the District of Wyoming involving Unum, in which the court denied in part the plaintiff's motion to compel and found that interrogatories and requests for production requesting information about previously investigated and adjusted claims was not discoverable. Caldwell v. UNUM Life Ins. Co. of America, No. 16-CV-236-S, 2017 WL 5591711, at *6-7 (D. Wyo. May 3, 2017). The court noted that while evidence of systemic bias in an ERISA insurer's prior claims decisions is relevant to whether that insurer's benefits denials were arbitrary or capricious, pure statistical evidence concerning prior claims may not be probative and the collection of relevant information is a significant burden on the defendant. Id. at *6 (citing Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 117 (2008)).

> In addressing the minimal relevance of statistical evidence, the Seventh Circuit has held that "Glenn did not invite a 'batting average' approach" to judicial review of ERISA determinations. Instead, Glenn relied on "a detailed, fact-intensive account of systemic flaws and misconduct in the company's administrative review process, supported by discovery, investigative journalism, and the accounts of inside whistleblowers." This distinction, between pure statistical evidence and a more detailed investigation is important because "abuse of discretion is a fact-specific inquiry. Without evidence of systemic bias," raw numbers showing how many similar claims were denied or approved reveal little about [how Unum] abused its discretion in any particular benefits determination. As a result, the significant expense and effort that would be expend[ed] reviewing and organizing prior claims[] outweighs the probative value of pure statistical information.

Id. at *7 (citing Fed. R. Civ. P. 26(b); Holmstrom v. Metro. Life Ins. Co., 615 F.3d 758, 768 (7th Cir. 2010)); see also Kamerer v. Unum Life Ins. Co. of America, 251 F. Supp. 3d 349, 352 (D.

Mass. May 4, 2017) (quoting Truitt v. Unum Life Ins. Co. of America, 729 F.3d 497, 514 (5th Cir. 2013) ("This court will not 'assume Unum is biased every time it denied a claim' simply because it employed unfair claims practices more than a decade ago, particularly in light of changes to claims processing it has since made.")). The precedent set by the Fifth Circuit in Crosby allows for some extra-record discovery in limited circumstances, but the Crosby decision also cautions against abusive discovery and states that "district court[s] must limit otherwise permissible discovery" if the burden or expense of that discovery outweighs the likely benefit. Crosby, 647 F.3d at 264. Defendant's objections are sustained.

Defendant must provide a supplemental written responses to plaintiff's First Set of Requests for Production of Documents that deletes the "General Objections" and clearly state all additional interrogatory answers and written responses to requests for production ordered herein, together with actual production of all additional responsive materials, if any, to plaintiff no later than May 7, 2018.

New Orleans, Louisiana, this ___23rd___ day of April, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE