UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNE WITTMANN                                    CIVIL ACTION

V.                                               NO. 17-9501

UNUM LIFE INSURANCE                              SECTION "F"
COMPANY OF AMERICA

ORDER AND REASONS

Before the Court is Anne Wittman's motion for review of the Magistrate Judge's April 23, 2018 Order and Reasons. For the following reasons, the motion is DENIED in part as moot, and GRANTED in part.

**Background**

This discovery dispute arises from a lawsuit challenging the denial of disability benefits under a group benefits plan.

Anne Wittmann is the beneficiary of a long-term disability insurance plan through her employment as an attorney with Baker, Donelson, Bearman, Caldwell, Berkowitz PC. Unum Life Insurance Company of America is the administrator of the plan and its underwriter. Wittmann suffers from fibromyalgia, and has not worked regularly since December 31, 2013. Unum denied Wittmann's claim for long-term disability benefits under the plan in 2014, and denied Wittman's administrative appeals in 2015. After the Social Security Administration granted Wittmann disability benefits in 2016, Unum undertook an additional appeal review, and

1

granted Wittman mental illness disability on January 24, 2017.[1] Mental illness benefits are limited to 24 months, but Wittman sought physical disability benefits, which are payable through Wittmann's expected retirement. On September 22, 2017, Wittmann sued Unum for the denial of her claim for physical disability benefits under her long-term disability plan, pursuant to Section 502(a)(1)(B) of Employee Retirement Income Act of 1974. 29 U.S.C. § 1132(a)(1)(B).

On January 22, 2018, Wittmann delivered its First Set of Requests for Admission, Interrogatories and Request for Production of Documents to Unum. Unum responded on February 21, 2018, prompting Wittman to file a motion to compel on March 27, 2018 on the grounds that the responses were deficient and raised improper objections. Unum supplemented its responses on April 9, 2018. On April 23, 2018, Magistrate Judge Wilkinson granted Wittmann's motion to compel in part, and denied it in part. On May 7, 2018, Wittmann moved for review of the Magistrate Judge's denial of the motion to compel in respect to Interrogatories Nos. 8 and 9.

I.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may appeal the ruling of the Magistrate Judge to the District

---

[1] Wittmann experiences depression, but never claimed that she was disabled due to depression.

Judge. A Magistrate Judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 363(b)(1)(A). If a party objects to a Magistrate Judge's ruling on a non-dispositive matter, the Court will disturb a Magistrate's ruling only when the ruling is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

II.

Wittmann seeks to prove that Unum denied her claim for physical disability in bad faith and in order to advance its interest as underwriter. Accordingly, Wittmann requested information about the participation by lawyers in the administration of her claim. Interrogatory No. 8 stated:

> Describe the extent to which your in-house counsel, or any lawyer engaged by or working for you, participated in the administration of Ms. Wittmann's claim. Your answer should include:
> a. Whether your counsel assisted in drafting, editing or transmitting any correspondence to Ms. Wittmann;
> b. Any input, formal or informal, oral or written, from your counsel regarding the merits of Ms. Wittmann's claim.

Interrogatory No. 9 stated:

3

> Identity and describe all communications, written or oral, in any form, between you and in-house counsel, or any lawyer engaged by or working for you, regarding the administration of Ms. Wittmann's claim. Your answer should include:
> a. The date of the communication;
> b. The names of all persons participating in the communication;
> c. The subject matter of the communication;
> d. Any other discoverable information response to this Interrogatory.

The initial response to both interrogatories were identical: "Unum objects to this interrogatory on the grounds it calls for the disclosure of information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the objections, Unum will produce an amended privilege log containing information response to this request." The supplemental responses were also identical: "Without waiving its objections, all communications which reference consult with an individual in Unum's legal department, and the response received are attached and each contains the best evidence of its contents." Unum submitted eleven pages of electronic communications that took place during 2014-2017 and involved three Unum in-house attorneys.

In his April 23, 2018 Order and Reasons, the Magistrate Judge overruled the objections based on the attorney-client privilege and the work product doctrine, holding that the "fiduciary exception" subjects these communications to discovery. Wildbur v. ARCO Chem. Co., 974 F.2d 631, 645 ("When an attorney advises a plan administrator or other fiduciary concerning plan

4

administration, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, not the plan administrator. . . . [A]n ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal advice dealing with plan administration.")(internal citations omitted). But the Magistrate Judge held that Unum's responses to Interrogatories 8 and 9 were sufficient because it provided "all communications which reference consult with an individual in Unum's legal department and the response received." (Emphasis in original).

The plaintiff contends that the responses were incomplete because Unum never addressed whether there were oral communications or communication by other counsel besides the in-house attorneys. Additionally, the plaintiff contends that the communications produced indicate that additional communications exist, but were not disclosed. For example, on August 28, 2014, following an inquiry into an issue with Wittmann's file, an in-house attorney responded, "After discussion of the issues raised in the activity request, it was determined the file would be discussed at the next legal issues group. Follow up activity will occur for legal input after that discussion." Wittmann points out that Unum failed to disclose any information about this meeting, including who the members of the legal issues group are, and what the members discussed during the meeting. Moreover, Unum never provided any information of follow up activity. Wittman contends

that the communications reveal that Unum's in-house counsel was involved in the administration of her claim, but did not adequately address the extent of the involvement.

In its opposition, the defendant submitted sworn declarations from the three in-house counsel that participated in the disclosed communications. Each attorney states that their sole involvement with Wittmann's claim for disability were the discrete communications included in Unum's productions, and that they do not recall any additional oral or written communications. Unum also submitted a sworn declaration from Jennifer Wellman, the lead appeals specialist for Unum Group. Wellman was responsible for handling the administrative appeal of Wittmann's claims. She stated that she reviewed the declarations of the three in-house attorneys and that "there [a]re no other communications between claims personnel and these individuals or any other members of the Unum's Legal Department pertaining to Ms. Wittmann's claims."

Although the Court agrees with the plaintiff that Unum's original and supplemental answers were insufficient, and that the Magistrate Judge erred in finding that they were adequate, Unum has cured the defects, rendering review of Magistrate Judge Wilkinson's Order and Reasons moot. Unum did not respond to the request about oral communications. And the language of the communications produced indicates that there may well be additional communications, such as information about the "legal

issues group." But any inference of additional communications has been extinguished by Wellman's declaration, which states that there are no other communications that could be produced. Additionally, the other three declarations make clear that the in-house attorneys do not have knowledge of additional undisclosed oral or written communications. Relying on their declarations, sworn under penalty of perjury, the Court cannot compel Unum to produce communications that it claims do not exist.

However, Interrogatories Nos. 8 and 9 were not limited to communications involving in-house counsel. The interrogatories request communications from "any lawyer engaged by or working for" Unum. The supplemental responses and the declarations only address communication with in-house counsel. Because Unum fails to respond to the requests in full, its response is insufficient.

Accordingly, IT IS ORDERED: that the Wittmann's motion for review of the Magistrate's Order and Reasons is DENIED in part as moot and GRANTED in part as to the identification of communications by attorneys who are not in-house counsel. IT IS FURTHER ORDERED: that Unum must produce responses that adequately address

Wittmann's request for oral and written communications by any lawyer[2] that participated in Wittmann's claims by June 28, 2018.[3]

New Orleans, Louisiana, June 13, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] If there are no communications by lawyers engaged or working for Unum, besides in-house counsel, then Unum shall submit a declaration stating that. The issue of attorney-client privilege as presented to the Court by both sides appears moot for the purpose of the present appeal, but may be relevant in future discovery disputes.

[3] The Court is aware that defense counsel, Laura Welch, is currently hospitalized and in critical care. The Court will entertain a motion for an extension of time, if necessary.