UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE WITTMANN | CIVIL ACTION |
| VERSUS | NO. 17-9501 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | SECTION "F" (2) |

## ORDER AND REASONS

Unum's Motion for Protective Order and Motion to Quash, Record Doc. No. 68, seeks to quash the subpoena duces tecum issued by plaintiff to James H. Bress, M.D., a reviewing physician contracted by Unum to review and opine on plaintiff's claim for disability benefits. The subpoena seeks production of two categories of Dr. Bress' compensation records: (1) "any and all records related to your total compensation for medical services of any kind, including but not limited to patient care, medical records review, expert services and consulting services, for the years 2014-2017; (2) "any and all records related to your total compensation for services you rendered to Unum Life Insurance Company of America, or any and all related affiliates, parent company, and/or subsidiaries . . . for the years 2014 through 2017." Record Doc. Nos. 68-1 at p. 2, 68-2 at p. 4.

Dr. Bress himself has <u>not</u> objected to the subpoena. Instead, Unum – presumably acting on his behalf – has filed this motion. Its objections include that the subpoena is beyond the scope of permissible ERISA discovery; that the materials are irrelevant,

overly burdensome and not proportional to the needs of the case; and that production would violate Dr. Bress's privacy rights.

Plaintiff filed a timely opposition memorandum, arguing that the discovery is relevant and proportional to the existence and extent of an alleged conflict of interest created by Unum's dual role in both making benefits determinations and simultaneously funding and profiting from the plan. Record Doc. No. 72. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART in that the subpoena is modified as provided herein and otherwise DENIED IN PART.

Subpoenas duces tecum "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'" Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); see Nicholas v. Wyndham Int'l, Inc., No. 2001/147-M/R, 2003 WL 23198847, at *1-2 (D.V.I. Oct. 1, 2003) (the "clear majority position [is] that use of Rule 45 subpoenas constitutes discovery"); Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) ("a Rule 45 subpoena does in fact constitute discovery"); accord Martin v. Oakland Cnty., No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21,

2008); Fabery v. Mid-S. Ob-GYN, No. 06-2136, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2000). Thus, both Fed. R. Civ. P. 45 and 26(b) apply to the instant motion.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1) (emphasis added). A party seeking to quash or modify a subpoena "has the burden of proof to demonstrate that compliance would impose undue burden or expense. Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004) (emphasis added). Proof actually establishing the extent of the alleged undue burden is required to obtain relief, not mere unsupported generalizations, conclusory statements or assertions. "Generally, modification of a subpoena is preferable to quashing it outright." Id. (emphasis added). In determining whether a particular subpoena presents an undue burden, the court must consider "(1) relevance of the information requested; (2) the need of the party for the [subpoenaed materials]; (3) the breadth of the . . . request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested [materials]; and (6) the burden imposed. Further, if the person to whom the . . . request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." Id.

As to Rule 26, the scope of permissible discovery extends only to that which is both relevant and within the Rule's proportionality limits. Fed. R. Civ. P. 26(b)(1). Relevance

focuses on the claims and defenses in the case, not its general subject matter. Proportionality analysis involves consideration of various factors, including the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In addition, "[o]n motion <u>or on its own</u>, the court must limit the frequency <u>or extent</u> of discovery otherwise allowed by these rules . . . if it determines that (i) the discovery sought . . . can be obtained from some other source that is more convenient, <u>less burdensome</u>, or less expensive." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Discovery is further limited in ERISA cases. Specifically, the United States Court of Appeals for the Fifth Circuit has held that discovery in ERISA actions is restricted to "(1) the completeness of the administrative record; (2) the plan administrator's compliance with ERISA's procedural regulations; and (3) the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." <u>Crosby v. La. Health Servs. & Indem. Co.</u>, 647 F.3d 258, 263 (5th Cir. 2011).

Applying the foregoing standards, I find that some of the discovery sought by plaintiff's subpoena fits into the third category of permissible discovery identified in <u>Crosby</u> because it is relevant to the existence and extent of Unum's alleged conflict of

interest. However, the first, broadly worded category of compensation records plaintiff seeks; i.e., "any and all records related to your total compensation for medical services of any kind," is irrelevant standing on its own. Record Doc. No. 68-1 at p.2. Only the total compensation component of this request, not "any and all" records relating to it, becomes relevant to the conflict of interest issue as a comparator to the second category of information specific to Dr. Bress' compensation from Unum.

I find the case law cited by plaintiff in her opposition memorandum, Record Doc. No. 72 at pp. 3-4, persuasive as to the proposition that the financial incentives of individuals like Dr. Bress involved in reviewing benefits claims are relevant to the conflict of interest issue as to which Crosby permits discovery. See, e.g., Hogan-Cross v. Metro Life Ins. Co., 568 F. Supp. 2d 410, 414 (S.D.N.Y. 2008) ("The bases for and amounts of compensation paid to employees and outside consultants involved in plaintiff's benefit termination itself could prove relevant to plaintiff's claim."); Sanders v. Unum Life Ins. Co. Of America, No. 4:08CV00421, 2008 WL 4493043, at *2, 5 (E.D. Ark. Oct. 2, 2008)(ERISA plaintiff "will be permitted discovery on the issue of whether individuals who reviewed his claim had a financial incentive to deny his claim . . . " because less deferential review of an ERISA claim determination is warranted where plaintiff presents material, probative evidence of a palpable conflict of interest).

The obvious purpose of plaintiff's two requests in combination is to establish the

extent, by a percentage of his income, to which Dr. Bress is reliant for his livelihood on money he receives for providing his opinions to Unum. Unum's own financial incentive to deny plaintiff's claim is inherent in its dual role. The percentage of Dr. Bress' compensation received from Unum will establish the extent of Unum's financial investment in Dr. Bress' opinions and his overall reliance on that income for his livelihood. This information is indicative of the conflict of interest that arises from the financial incentives a plan administrator and its paid consultants have when they attempt to act as both decision-maker on applications for plan benefits and the funder of and profit-makers from the plan.

To make this mathematical comparison relevant to the conflict of interest issue, all of the records sought in the first section of the subpoena are unnecessary. Any single income record that establishes Dr. Bress' total annual compensation (for example, the page(s) from his annual federal income tax return showing gross income) will serve as a more convenient, less burdensome way to establish the number plaintiff seeks for these comparison purposes. Such a modification to the first category of plaintiff's subpoena is preferable to quashing the subpoena, and limiting the extent of discovery in this way allows plaintiff to obtain the requested discovery in a manner "that is more convenient . . . [and] less burdensome." Fed. R. Civ. P. 26(b)(2)(C); Wiwa, 392 F.3d at 818.

Unum's reliance on Ehlman v. Kaiser Foundation Health Plan of Texas, 198 F.3d 552 (5th Cir 2000), in support of its motion, Record Doc. No. 68-1 at pp. 4-5, is inapposite in these circumstances. In Ehlman, the Fifth Circuit held that ERISA itself does not create a broad duty on behalf of plan administrators to disclose their physician compensation plans that would support a free-standing, actionable cause of action for breach of any such duty. Thus, the court upheld dismissal for failure to state a claim upon which relief might be granted of a lawsuit alleging breach of such a duty. In doing so, however, the Ehlman court recognized the continuing viability of other precedents holding that disclosure of physician compensation provisions may be appropriate on a case-by-case, ad hoc basis in instances involving "specific inquiry or special circumstances." Ehlman, 198 F.3d at 556 (citing McDonald v. Provident Indemnity Life Ins. Co., 60 F.3d 234 (5th Cir. 1995); Shea v. Esensten, 107 F.3d 625 (8th Cir. 1997), cert. denied, 522 U.S. 914 (1997)).

In the instant case, plaintiff seeks the subpoenaed material, not based upon a free-standing cause of action arising from a non-existent ERISA legal duty, but under the authority of Fed. R. Civ. P. 26(b) and 45 and the Fifth Circuit's precedent permitting such discovery when it is relevant to case-specific circumstances concerning "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Crosby, 647 F.3d at 263. The

Unum's reliance on Ehlman v. Kaiser Foundation Health Plan of Texas, 198 F.3d 552 (5th Cir 2000), in support of its motion, Record Doc. No. 68-1 at pp. 4-5, is inapposite in these circumstances. In Ehlman, the Fifth Circuit held that ERISA itself does not create a broad duty on behalf of plan administrators to disclose their physician compensation plans that would support a free-standing, actionable cause of action for breach of any such duty. Thus, the court upheld dismissal for failure to state a claim upon which relief might be granted of a lawsuit alleging breach of such a duty. In doing so, however, the Ehlman court recognized the continuing viability of other precedents holding that disclosure of physician compensation provisions may be appropriate on a case-by-case, ad hoc basis in instances involving "specific inquiry or special circumstances." Ehlman, 198 F.3d at 556 (citing McDonald v. Provident Indemnity Life Ins. Co., 60 F.3d 234 (5th Cir. 1995); Shea v. Esensten, 107 F.3d 625 (8th Cir. 1997), cert. denied, 522 U.S. 914 (1997)).

In the instant case, plaintiff seeks the subpoenaed material, not based upon a free-standing cause of action arising from a non-existent ERISA legal duty, but under the authority of Fed. R. Civ. P. 26(b) and 45 and the Fifth Circuit's precedent permitting such discovery when it is relevant to case-specific circumstances concerning "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Crosby, 647 F.3d at 263. The

Ehlman decision expressly declined to address conflict of interest claims. 198 F.3d at 556.

Unum's remaining objections to the subpoena are unavailing. Unum relies only upon conclusory and unsupported assertions to support its burdensomeness and lack of proportionality objections. It has submitted no evidence of any kind indicating that the requested production will cause undue burden or expense, either to Unum or to the subpoena recipient. Significantly, Dr. Bress himself has neither objected nor submitted evidence that production will subject him to undue burden, expense or inconvenience. The time period of the request is limited to a relevant range of the 2014-2017 during which plaintiff's claim was submitted and reviewed. The subpoenaed materials are described with sufficient particularity. By permitting otherwise limited ERISA case discovery to be conducted when it is relevant to a plan administrator's conflict of interest, the Crosby decision implicitly recognizes the importance of such information to resolving the claim asserted in this case of improper denial of plaintiff's application for plan benefits. In the absence of any evidence indicating that compliance with the subpoena would be unduly burdensome or expensive, I cannot conclude that the burden or expense of this discovery outweighs its likely benefit, except as to the overly broad range of materials in the first category of requested materials discussed above.

As to Dr. Bress's privacy interest in the subpoenaed records, I find that the protective order already in place in this case, Record Doc. No. 34, if made applicable to compliance with this subpoena, is more than adequate to protect those legitimate interests. Fed. R. Civ. P. 26(c)(1).

Accordingly, defendant's Motion for Protective Order and Motion to Quash is GRANTED IN PART in that the subpoena is partially modified AND DENIED IN PART.

IT IS ORDERED that no later than August 1, 2018, (1) Dr. Bress must produce records in response to the first paragraph of Exhibit A to plaintiff's subpoena that is modified as follows: "Produce any single record or combination of records (for example an excerpt from your annual federal income tax return) sufficient to show your total compensation for medical services of any kind, including but not limited to patient care, medical care, medical records review, expert services and consulting services for the years 2014-2017"; (2) Dr. Bress must produce records in response to paragraph two of Exhibit A to plaintiff's subpoena, which remains unmodified.

IT IS FURTHER ORDERED that all materials produced in response to the subpoena must be marked and treated as "confidential" and are subject to all terms and conditions of the protective order already in place in this case. Record Doc. No. 34.

New Orleans, Louisiana, this \_\_\_11th\_\_\_ day of July, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE