UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNE WITTMANN                                          CIVIL ACTION

v.                                                     NO. 17-9501

UNUM LIFE INSURANCE                                    SECTION "F"
COMPANY OF AMERICA

ORDER AND REASONS

Before the Court are two motions: (1) the plaintiff's motion to strike from the administrative record all documents generated after September 22, 2017; and (2) the defendant's motion for partial summary judgment that the documents generated as a result of plaintiff's post-litigation administrative appeal are part of the administrative record, or in the alternative, motion for summary judgment dismissing plaintiff's suit for failure to exhaust administrative remedies. For the following reasons, the plaintiff's motion is GRANTED, and the defendant's motion is DENIED.

**Background**

This ERISA lawsuit challenges the denial of disability benefits under a group benefits plan.

Anne Wittmann is a participant to a long-term disability insurance plan through her employment as an attorney with Baker, Donelson, Bearman, Caldwell, Berkowitz PC. Unum Life Insurance Company of America serves as the underwriter of the Plan and has been delegated the discretionary authority to make benefit

1

determinations. Suffering from fibromyalgia, Wittmann ceased working as an attorney on December 31, 2013. She then filed a claim for long-term disability benefits under the Plan in April of 2014, which Unum denied by letter dated October 3, 2014.[1] That letter also advised Wittmann of her right to request an appeal, which she exercised on January 26, 2015. By letter dated May 29, 2015, Unum denied Wittmann's appeal and invited her to submit additional information in support of her claim.[2] Unum acknowledged receipt of Wittmann's request for a second appeal on June 23, 2015, and ultimately denied that appeal by letter dated July 20, 2015.[3] In that letter, Unum also advised:

> Unum Life Insurance Company of America has completed our review of your appeal. No further review is available and your appeal is now closed.
> . . .
> If you disagree with this decision, you have a right to bring a civil suit under section 502(a) of the Employee Retirement Income Security Act of 1974.

---

[1] In filing her April 2014 claim, Wittmann described her medical condition as "unknown – other than fibromyalgia and pericarditis," and identified her first symptoms as "chest pain, SOB, muscle/joint pain, fatigue, lightheaded." In its October 3, 2014 Claim Denial Letter, Unum stated that there was "no evidence of any tender point testing to support a diagnosis of Fibromyalgia."

[2] In denying Wittmann's first administrative appeal, Unum noted that although Wittman "may have fibromyalgia based on reports of widespread unexplained pain," those reports "are out of proportion to the physical exams, physician observations, diagnostic tests and lab studies."

[3] In denying Wittman's second administrative appeal, Unum reasoned that a review of new information, including neuropsychological test results, did not change the prior appeal decision.

Before filing suit, Wittmann submitted to Unum a disability determination by the Social Security Administration and invited Unum to reconsider its decision once again. By letter dated January 24, 2017, Unum granted Wittmann mental illness disability benefits from June 30, 2014 through June 30, 2016 and stated that it would investigate further to determine her entitlement to benefits beyond 24 months for a disability unrelated to mental illness.[4] In response, plaintiff's counsel provided Unum with updated medical records from Wittmann's treating psychiatrist, a letter from her massage therapist, and office notes from one of her physicians. By letter dated July 31, 2017, Unum notified plaintiff's counsel that Wittmann was not entitled to such additional benefits because there was no evidence of physical or organic medical problems that would preclude her from being able to perform her sedentary occupation as an attorney after June 30, 2016. The letter also advised that, pursuant to the Plan, Wittmann was required to file an administrative appeal within 180 days if she disagreed with the decision.

On September 22, 2017, Wittmann sued Unum for the denial of her claim for physical disability benefits under her long-term disability plan, pursuant to Section 502(a)(1)(B) of the Employee

---

[4] Pursuant to the Plan, mental illness benefits are limited to 24 months, while physical disability benefits are payable through expected retirement. Although Wittmann experiences depression, she has never claimed to be disabled due to depression.

3

Retirement Income Act of 1974. 29 U.S.C. § 1132(a)(1)(B). Four months later, by letter dated February 25, 2018, Wittmann's counsel requested an administrative appeal of Unum's July 2017 decision. Because the request was made within the requisite 180-day appeal period, Unum agreed to consider the appeal; it then filed a motion to dismiss this lawsuit for failure to exhaust administrative remedies, or in the alternative, to stay the proceedings pending the exhaustion of administrative remedies. Before the Court had the opportunity to consider that motion, Unum completed its administrative review, rendering the motion moot.[5]

About a month later, Unum filed a motion to submit the "disputed administrative record" under seal, which this Court granted in its Order dated May 16, 2018. In that motion, Unum noted that Wittmann objects to the inclusion in the administrative record of any documents generated after her complaint was filed on September 22, 2017. Wittmann now moves to strike from the administrative record and this Court's record those post-litigation documents, and Unum moves for partial summary judgment that all documents associated with Wittmann's post-litigation administrative appeal are part of the administrative record, or in

---

[5] In considering the post-lawsuit administrative appeal, Unum retained an independent rheumatologist to review new medical information submitted by Wittmann. Nonetheless, Unum upheld its determination that Wittmann was not entitled to benefits exceeding 24 months for a disability unrelated to mental illness.

the alternative, for summary judgment dismissing Wittmann's suit for failure to exhaust administrative remedies.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2).

"[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

II.

ERISA gives a plan participant standing to bring a civil action "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B).

*A.*

Fifth Circuit precedent instructs that "claimants seeking benefits from an ERISA plan [must] first exhaust available administrative remedies under the plan before bringing suit to recover benefits." Crowell v. Shell Oil Co., 541 F.3d 295, 308 (5th Cir. 2008) (quoting Bourgeois v. Pension Plan for the Emps. of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000)).

> The policies underlying 'the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of

> administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*.'

Meza v. Gen. Battery Corp., 908 F.2d 1262, 1279 (5th Cir. 1990) (quoting Denton v. First Nat'l Bank of Waco, 765 F.2d 1295, 1300 (5th Cir. 1985)). Although the exhaustion requirement is not specifically required by ERISA, it "has been uniformly endorsed by the courts in keeping with Congress' intent in enacting ERISA." Hall v. Nat'l Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997).

The exceptions to the exhaustion requirement are limited: a claimant may be excused from the exhaustion requirement if he shows either that pursuing an administrative remedy would be futile or that he has been denied meaningful access to administrative remedies. Denton, 765 F.2d at 1302 (futility exception); Meza, 908 F.2d at 1279 (meaningful access exception). "To show futility, Plaintiffs must show that the review was conducted with 'hostility or bias' against the claimants." Ctr. for Restorative Breast Surgery, L.L.C. v. Blue Cross Blue Shield of La., No. 11-806, 2016 U.S. Dist. LEXIS 105458, at *31 (E.D. La. Aug. 10, 2016) (Morgan, J.) (quoting McGowin v. Manpower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004)). In a similar vein, "[c]onclusory allegations are insufficient to support an exception to the exhaustion rule based on a denial of meaningful access." Id. at *32 (citing

7

McGowin, 363 F.3d at 560). Accordingly, "these exceptions apply . . . only in extraordinary circumstances." Id. at *30.

Where the proper procedure has not been followed for filing a claim, or administrative remedies have not been exhausted, the appropriate remedy is dismissal of the complaint. See Medina v. Anthem Life Ins. Co., 983 F.2d 29, 33 (5th Cir. 1993).

*B.*

In reviewing a plan administrator's benefits determination under an ERISA plan, the Court "is constrained to the administrative record." Hamburg v. Life Ins. Co. of N. Am., No. 10-3071, U.S. Dist. LEXIS 841142, at *3 (E.D. La. Aug. 1, 2011) (Feldman, J.). As a general rule, "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." Vega v. Nat'l Life Ins. Servs., 188 F.3d 287, 300 (5th Cir. 1999) (en banc), abrogated on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). Accordingly, a claimant can supplement the administrative record by "submit[ting] additional information to the administrator . . . and request[ing] the administrator to reconsider his decision." Id. at 300. But "if supplementation of the administrative record is to be permitted at all, it must take place before a claimant files suit." Hamburg, No. 10-3071, U.S. Dist. LEXIS 841142, at *5; see also Roig v. Ltd.

Long Term Disability Program, No. 99-2460, 2000 U.S. Dist. LEXIS 11379, at *22-23 (E.D. La. Aug. 4, 2000) (Vance, J.) ("To approve the post-suit, extra-Plan review agreed to here would permit ERISA plan administrators to drag their feet until they are sued and then allow them to belatedly bolster the administrative record in their favor."). Nonetheless, where a claimant files suit to challenge a decision for which she has not exhausted her administrative remedies, a post-litigation administrative appeal properly forms part of the administrative record. See Roig v. Ltd. Long Term Disability Program, No. 03-1059, U.S. Dist. LEXIS 2764, at *19-21 (E.D. La. Feb. 20, 2004) (Vance, J.).

III.

Wittmann moves to strike from the administrative record all documents generated after September 22, 2017, the date on which she filed suit, while Unum seeks partial summary judgment that the documents generated as a result of the post-litigation administrative appeal are part of the administrative record, or in the alternative, summary judgment dismissing the suit for failure to exhaust administrative remedies. The Court first considers the parties' contentions as to their competing motions about the administrative record.

Wittmann contends that, because this lawsuit challenges Unum's October 2014, May 2015, and July 2015 denials, the administrative record for purposes of considering those decisions

9

closed as of the date she filed suit. To support her contention that the administrative record is limited to relevant information presented to the plan administrator before the claimant files suit, she invokes Vega v. Nat'l Life Ins. Servs., 188 F.3d 287, 300 (5th Cir. 1999) (en banc); Hamburg v. Life Ins. Co. of N. Am., No. 10-3071, U.S. Dist. LEXIS 841142, at *5 (E.D. La. Aug. 1, 2011) (Feldman, J.); and Roig v. Ltd. Long Term Disability Program, No. 99-2460, 2000 U.S. Dist. LEXIS 11379, at *22-23 (E.D. La. Aug. 4, 2000) (Vance, J.). Wittmann places special emphasis on Roig, No. 99-2460, 2000 U.S. Dist. LEXIS 11379 ("Roig I"), in which another Section of this Court addressed a plan administrator's attempt to include within the administrative record two reports of a medical expert who was not retained until after the plaintiff filed suit. In declining to consider those post-suit reports as part of the administrative record, Judge Vance, in Roig I, reasoned that to do so "would permit ERISA plan administrators to drag their feet until they are sued and then allow them to belatedly bolster the administrative record in their favor." Id. at *23. Wittmann contends that this is exactly what Unum is attempting to do here. Although she filed suit on September 22, 2017, Unum has nonetheless included within the administrative record, filed under seal with this Court, documents generated months after that date. Most notably, she submits, Unum seeks to include a "peer review" report of Dr. Benjamin Kretzmann, its retained rheumatologist, which

concludes that years old diagnoses other than fibromyalgia – such as hysterectomy, appendectomy, and cervical discectomy – could somehow explain Wittmann's symptoms of diffuse joint and muscle pain, severe fatigue, and cognitive problems.  Wittmann maintains that this report, dated February 22, 2018, is a self-serving, long-after-the-fact attempt by Unum to justify its October 3, 2014 denial of Wittmann's claim for long-term disability benefits. Accordingly, Wittmann argues, Vega and Roig I instruct that this report, as well as all other documents dated or generated after September 22, 2017, must be excluded from the administrative record to be considered by this Court.

Unum takes issue with Wittmann's contention that this lawsuit challenges the October 3, 2014 denial of her claim for long-term disability benefits.  In particular, Unum contends that this argument is contradicted by the fact that: (1) the October 2014 decision that Wittmann was not entitled to benefits under the policy was overturned by Unum, and thus negated, on January 24, 2017; and (2) her January 25, 2018 request for an administrative appeal clearly stated "On behalf of Anne D. Wittmann I submit this appeal from the July 31, 2017 denial of claim for long term physical disability benefits by Unum."  Accordingly, Unum submits that the ultimate question before the Court is whether Unum abused its discretion in determining that Wittmann was not entitled to

additional benefits beyond June 30, 2016 for a disability unrelated to mental illness.

Unum further contends that Wittmann's reliance on Roig I is misplaced. In Roig I, Unum submits, the plaintiff filed suit challenging MetLife's denial of her claim for long-term disability benefits, *after* she had exhausted her administrative remedies. Roig, No. 99-2460, 2000 U.S. Dist. LEXIS 11379. In that case, the plaintiff and the plan administrator, which had delegated to MetLife the discretionary authority to make benefits determinations, agreed that the administrator would conduct an additional administrative review of the plaintiff's claim. Id. at *14-23. The district court rejected the parties' attempt to supplement the administrative record with an additional post-litigation administrative review, reasoning, in part, that it was not authorized by the terms of the plan. Id. at *19-23. The district court then awarded the plaintiff initial benefits but denied long-term disability benefits because the record lacked evidence to support them. Roig v. Ltd. Long Term Disability Program, 275 F.3d 45, *2 (5th Cir. 2001) (per curiam). On appeal, the Fifth Circuit remanded the case to the district court to remand to the plan administrator to determine entitlement to long-term disability benefits, because the plan administrator had not considered that issue. Id. at *4. On remand, MetLife denied the long-term disability claim, and the plaintiff requested a formal

12

appeal.  Roig v. Ltd. Long Term Disability Program, No. 03-1059, U.S. Dist. LEXIS 2764, at *6 (E.D. La. Feb. 20, 2004) (Vance, J.). But before expiration of the time within which MetLife was required to decide the appeal, the plaintiff filed another suit (Roig II) without exhausting her administrative remedies.  Id. at *6-7, 17. MetLife completed its administrative review of the claim after suit was filed, and the plaintiff sought to exclude documents generated during that review process on the ground that the administrative record was complete once suit was filed.  Id. at *7.  The Roig II Court disagreed, holding that the administrative record consisted of all documents generated during the administrative review process, which was not complete until MetLife rendered its decision on the administrative appeal.  Id. at *17-21.

Unum contends that, here, unlike in Roig I and similar to Roig II, Wittmann filed suit before exhausting her administrative remedies.  Accordingly, Unum submits that the administrative record necessarily includes all documents generated in connection with the appeal of the July 31, 2017 decision that was not rendered until after her unauthorized suit had been filed.

In a nutshell, Wittmann notes that the facts of this case are more similar to those presented in Roig I, while Unum argues that this case more closely resembles Roig II. Reading Roig I and Roig II together, it seems to this Court that doctrinally whether or

13

not a plaintiff had exhausted her administrative remedies before filing suit informs the scope of the administrative record.

Accordingly, to determine the proper scope of the administrative record here, the Court must consider whether Wittmann exhausted her administrative remedies prior to filing suit. The Court therefore turns to the relevant provisions of the Plan regarding the administrative appeal process. The Plan provides:

> **APPEAL PROCEDURES**
>
> You have 180 days from the receipt of notice of an adverse benefit determination to file an appeal. Requests for appeals should be sent to the address specified in the claim denial. A decision on review will be made not later than 45 days following receipt of the written request for review. If Unum determines that special circumstances require an extension of time for a decision on review, the review period may be extended by an additional 45 days (90 days in total). Unum will notify you in writing if an additional 45 day extension is needed.
>
> . . .
>
> The review of the adverse benefit determination will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.
>
> The review will be conducted by Unum and will be made by a person different from the person who made the initial determination and such person will not be the original decision maker's subordinate.
>
> . . .

> *Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.*
>
> **DISCRETIONARY ACTS**
>
> The Plan, acting through the Plan Administrator, delegates to Unum and its affiliate Unum Group discretionary authority to make benefit determinations under the Plan. Unum and Unum Group may act directly or through their employees and agents to further delegate their authority through contracts, letters or other documentation or procedures to other affiliates, persons or entities. Benefit determinations include determining eligibility for benefits and the amount of any benefits, resolving factual disputes, and interpreting and enforcing the provisions of the Plan. All benefit determinations must be reasonable and based on the terms of the Plan and the facts and circumstances of each claim.
>
> *Once you are deemed to have exhausted your appeal rights under the Plan, you have the right to seek court review under Section 502(a) of ERISA of any benefit determinations with which you disagree.*

(Emphasis added).

When read together, these provisions provide that a claimant must submit a written request for an appeal within 180 days from receipt of notice of an "adverse benefit determination" and that Unum must render a decision on review within 45 days (or 90 days, if an extension is required) following receipt of the request. Thus, a claimant exhausts her administrative remedies by timely filing a written request for an administrative appeal after

15

receiving notice of an adverse benefit determination and waiting up to 45 days, or 90 days, for Unum to render a decision on appeal.

However, in practice, Unum appears to employ a two-level appeal procedure. In this case, Unum denied Wittmann's claim for long-term disability benefits by letter dated October 3, 2014, and advised her of her "right to request an appeal." Wittmann exercised that right, after which Unum again denied her appeal on May 29, 2015 and invited her to submit additional information in support of her claim. Then, in denying her second appeal by letter dated July 20, 2015, Unum advised Wittmann that the review of her appeal was "completed," that "[n]o further review [wa]s available," and that she could "bring a civil suit" under ERISA if she disagreed with the decision. Accordingly, it appears that Wittmann's administrative remedies were deemed exhausted under the Unum Plan as of July 20, 2015.

But the parties spotlight the implications of Unum's January 24, 2017 decision to grant Wittmann mental illness disability benefits and undertake further evaluation regarding her entitlement to benefits after June 30, 2016 based on a disability unrelated to mental illness. Wittmann contends that, in doing so, Unum rejected the opportunity to cure its prior erroneous denial of her claim for long-term disability benefits based on a physical disability. Unum counters that it overturned its prior benefit determination, which reversed that decision and unilaterally

renewed the claims-handling process and appeal procedure. Accordingly, Unum submits, its July 31, 2017 decision that Wittmann was not entitled to physical disability benefits after expiration of her mental disability benefits constitutes an "initial" denial, which she was required to administratively appeal before pursuing judicial review.

In response, Wittmann asserts that Unum did not overturn its October 3, 2014 decision denying her claim for long-term disability benefits based on a physical condition. Instead, it granted her mental illness benefits and initiated a separate review of whether she could recover benefits not resulting from mental disability as of June 30, 2016 and beyond. As such, she maintains that Unum's July 31, 2017 decision that she was not entitled to additional benefits beyond June 30, 2016 has no bearing on her ability to bring a civil action challenging Unum's October 3, 2014 denial of her claim for physical disability benefits, as she had long since exhausted her administrative remedies with regard to that decision. The Court agrees that Wittmann's right to challenge Unum's October 3, 2014 decision vested on July 20, 2015, as confirmed by Unum's letter bearing that date.

Unum's attempt to analogize the facts of this case to Roig II, in which another Section of this Court allowed a plan administrator to introduce into the administrative record evidence concerning an administrative appeal conducted after institution of

17

a premature lawsuit, is unpersuasive. Contrary to Unum's position, this case does not involve litigation of a matter that was still subject to administrative review under the Plan at the time in which it was instituted. Rather, this lawsuit challenges Unum's October 3, 2014 denial of Wittmann's claim for long-term disability benefits, for which Wittmann exhausted her administrative remedies on July 20, 2015, following no less than two rounds of administrative appeals. Moreover, Unum points to no case law to support the proposition that a plan administrator can reset the administrative procedural clock after administrative remedies have been exhausted or require a claimant to exhaust additional rounds of administrative appeals prior to filing suit. And the Court is unable to locate such case literature either.[6] Thus, guided by the common sense general rule articulated in Vega, Roig I, and Hamburg, the Court finds that the administrative record in this matter closed on September 22, 2017, the date on which Wittmann filed this lawsuit.[7] Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion is hereby GRANTED, and the

---

[6] Therefore, as of July 20, 2015, Wittmann had exhausted her administrative remedies for Unum's October 3, 2014 denial of her claim for long-term disability benefits based on a physical disability – the decision that Wittmann challenges in this lawsuit. Accordingly, Wittmann was not required to appeal Unum's July 31, 2017 determination that she was not entitled to additional benefits beyond June 30, 2016 for a disability unrelated to mental illness, in order to challenge Unum's October 3, 2014 decision.

[7] The admonition in Roig I about the administrator's delay seems possibly applicable here also.

defendant's motions are DENIED.  All documents dated or generated after September 22, 2017 are excluded from the administrative record and will not be considered by this Court in determining whether Unum abused its discretion in denying Wittmann's claim for long-term disability benefits.


                              New Orleans, Louisiana, October 31, 2018

                              _____
                                    MARTIN L. C. FELDMAN
                                 UNITED STATES DISTRICT JUDGE