# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30254

United States Court of Appeals
Fifth Circuit
**FILED**
December 6, 2019
Lyle W. Cayce
Clerk

ANNE WITTMANN,

      Plaintiff - Appellant

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-9501

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

    Anne Wittmann appeals a denial of long-term disability benefits under the Employee Retirement Income Security Act ("ERISA") § 502(a), contending that her plan administrator abused its discretion. We find no such abuse and AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 19-30254 Document: 00515367453 Page: 2 Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW Document 149-1 Filed 04/01/20 Page 2 of 12

No. 19-30254

## BACKGROUND

The Plaintiff-Appellant, Anne Wittmann, is an attorney with a disability insurance plan. The plan provides long-term disability benefits under these terms:

> You are disabled when Unum determines that due to your sickness or injury:
>
> 1. You are unable to perform the material and substantial duties of your regular occupation and are not working in your regular occupation or any other occupation . . . .
>
> MATERIAL AND SUBSTANTIAL DUTIES means duties that:
>
>> -are normally required for the performance of your regular occupation; and
>> -cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Unum will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week. . . .
>
> The lifetime cumulative maximum benefit period for all disabilities due to mental illness is 24 months. . . .
>
> MENTAL ILLNESS means a psychiatric or psychological condition classified in the Diagnostic and Statistical Manual of Mental Health Disorders (DSM), published by the American Psychiatric Association, most current as of the start of a disability. Such disorders include, but are not limited to, psychotic, emotional or behavioral disorders, or disorders relatable to stress. . . .

On April 7, 2014, Wittmann filed a claim for disability benefits, asserting that she had been unable to work since December 31, 2013 and listing her medical condition as "unknown – other than fibromyalgia and pericarditis." Over the next few months, she submitted various medical records to her insurer, Unum Life Insurance Company of America ("Unum"). On October 3, 2014, Unum denied her claim.

2

Case: 19-30254    Document: 00515367453    Page: 3    Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW   Document 149-1   Filed 04/01/20   Page 3 of 12

No. 19-30254

As explanation, Unum reported that two physicians who had reviewed her records identified "no significant abnormalities" and received no evidence of "tender point testing to support a diagnosis of Fibromyalgia" or of "pain behavior during any office visits." The two reviewing physicians were Dr. Tony Smith, an Unum physician board-certified in family medicine, and Dr. James Bress, an Unum consulting physician board-certified in internal medicine.

In late January 2015, Wittmann appealed. A third physician, Dr. Chris Bartlett, an Unum consultant board-certified in family medicine, reviewed the appeal. Based on this review, Unum recognized that Wittmann may have fibromyalgia, but was unconvinced that cognitive issues prevented Wittmann from performing her work as an attorney. In a letter dated May 29, 2015, Unum notified Wittmann of its decision, but invited her to submit additional information.

Wittmann accepted that invitation. She submitted new records, including a neuropsychological evaluation by Dr. Michael Chafetz, Ph.D. in Neuropsychology. These latest submissions were reviewed by Dr. Bartlett and also by Dr. Jana Zimmerman, Unum's psychologist. Based on their review, Unum reaffirmed its decision because "results d[id] not support reported memory and concentration problems and/or problems with disconnection or a history of neuropathology as Dr. Chafetz explained." In the letter announcing this decision, dated July 20, 2015, Unum advised Wittmann that she had exhausted administrative remedies and that she had a right to sue under ERISA § 502(a).

Wittman did not sue immediately. Instead, on October 24, 2016, she informed Unum that she had been awarded Social Security Disability Income benefits, as conveyed in enclosed documentation from the Social Security Administration ("SSA"), dated October 3, 2015. The SSA correspondence

3

Case: 19-30254    Document: 00515367453    Page: 4    Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW   Document 149-1   Filed 04/01/20   Page 4 of 12

No. 19-30254

included a Consultative Psychological Evaluation Report prepared by Dr. William Fowler, a board-certified psychologist.

This report did not include the basis for the SSA entitlement, but it did include Dr. Fowler's summary of Wittmann's self-reported symptoms and Dr. Fowler's concerns that Wittman would have "some difficulty performing work related tasks . . . even simple job tasks in a stable, reliable manner." Dr. Fowler's reported diagnostic impressions were "Major Depressive Episode," "Anxiety NOS," and "Rule out pseudo dementia secondary to depression."

In light of this new report, Unum changed course, against the advice of its psychologist. Dr. Zimmerman maintained her diagnosis of psychological contribution, but not impairment, and expressed doubts about the sufficiency of Dr. Fowler's data to support psychiatric diagnostic impressions or other medical judgments. Nevertheless, according to a letter dated January 24, 2017, "[i]n giving significant weight to the Social Security Administrator's finding of disability," Unum "determined benefits [were] payable" for the policy-maximum period of two years, "through June 30, 2016 for Ms. Wittman[n]'s mental illness disability." Unum also indicated willingness to reevaluate what other benefits might be due.

Wittmann, protesting this grant of short-term, mental-illness-based benefits, submitted updated medical records and continued to seek long-term disability benefits for a physical disability. In response, Unum retained a surveillance company to assess Wittman's activity level and asked Drs. Bress and Smith each to review the updated Wittmann case. In a letter dated July 31, 2017, Unum informed Wittmann's attorney that "benefits are not payable beyond the 24 month mental illness limitations of [Wittmann's] policy" because "[w]e have determined that . . . Anne Wittmann is able to perform the duties of her occupation, Attorney."

No. 19-30254

Wittmann sued under ERISA § 502(a)(1)(B) for denial of her long-term disability claim. While pursuing that remedy, she also requested another administrative appeal from Unum, but that appeal failed. After a year in district court, both Wittmann and Unum sought summary judgment. In a lengthy, detailed, and persuasive opinion, the district court ruled in favor of Unum, and Wittmann timely appealed. Before this court, she seeks judgment in favor of her claim for long-term disability and contends that Unum abused its discretion.

## STANDARD OF REVIEW

"Standard summary judgment rules control in ERISA cases." *Ramirez v. United of Omaha Life Ins. Co.*, 872 F.3d 721, 725 (5th Cir. 2017). Thus, this court will review summary judgment *de novo,* "applying the same standards as the district court. Summary judgment is warranted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009) (internal citations and quotation marks omitted). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks omitted).

"[W]hen an administrator has discretionary authority with respect to the decision at issue"—as is undisputed in this case—"the standard of review should be one of abuse of discretion." *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 483 (5th Cir. 2017). "Under ERISA, an administrator abuses its discretion when there is not 'substantial evidence' in the record to support its decisions, including those to deny or to terminate benefits." *George v. Reliance Standard Life Ins. Co.*, 776 F.3d 349, 354 (5th Cir. 2015) (punctuation omitted). Even if there is substantial evidence, an

5

Case: 19-30254 Document: 00515367453 Page: 6 Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW Document 149-1 Filed 04/01/20 Page 6 of 12

No. 19-30254

administrator might yet have abused its discretion if other factors so indicate. One factor that must be considered is the conflict of interest in a dual role as both payor and administrator of an ERISA plan. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112, 128 S. Ct. 2343, 2348 (2008). Such a conflict is only a factor to be considered, though, and its weight varies on a case-by-case basis. *Id.* at 117-18, 2351; *McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 458 n. 17 (5th Cir. 2014). Also to be considered are "the factual background of the determination and any inferences of lack of good faith." *Humble*, 878 F.3d at 484.

## DISCUSSION

Wittmann argues on four grounds that Unum's denial of long-term disability benefits was an abuse of discretion. First, she avers that Unum lacked substantial evidence for its decision. Second, she posits that Unum's grant of mental illness benefits indicates bad faith. Third, she proposes that Unum's decision was otherwise arbitrary. Fourth, she contends that Unum's conflict of interest affected its benefits decision. None of these arguments succeeds, however; therefore, Wittmann fails to establish that Unum abused its discretion.

### I. Substantial Evidence

Unum denied Wittmann long-term disability benefits "[b]ecause [she] is not disabled according to the policy," particularly because she "is able to perform the duties of her occupation, Attorney." According to Wittmann, "Unum's benefits decisions are not supported by substantial evidence," but she fails to establish this point.

The argument that Wittmann directs against the substantiality of Unum's evidence is that "[t]he testing results of Drs. Chafetz and Fowler establish the type of focus and concentration issues Wittmann has consistently maintained preclude her from full time employment as an attorney." In other words, Wittmann contends that there is good evidence for her claim. This

Case: 19-30254      Document: 00515367453     Page: 7     Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW   Document 149-1   Filed 04/01/20   Page 7 of 12

No. 19-30254

contention is beside the point,[1] however, for "no law . . . requires a district court to rule in favor of an ERISA plaintiff merely because he has supported his claim with substantial evidence, or even with a preponderance." *Ellis v. Liberty Life Assur. Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004).

"The law requires only that substantial evidence support a plan fiduciary's decisions," *id.*, and in this case, substantial evidence supported Unum's decision. "An administrator does not abuse its discretion when it relies on the medical opinion of a consulting physician whose opinion conflicts with the claimant's treating physician . . . even if the consulting physician only reviews medical records and never physically examines the claimant." *Gothard v. Metro. Life Ins. Co.*, 491 F.3d 246, 249 (5th Cir. 2007). Unum relied on two such medical opinions, at least,[2] and so did not lack substantial evidence.

## II. Inference of Bad Faith

Still, Wittmann suggests Unum lacked good faith. She contends that "Unum's award of mental illness disability benefits . . . [was] an egregious and transparent attempt to limit its exposure" to a claim for long-term disability benefits. Wittman bases this view, first, on the fact that Unum's psychologist denied that Wittman had a mental illness and, second, on the conclusion that Unum lacked any evidence for its award of mental illness benefits. Even if Unum were to have awarded mental illness benefits without good reason,

---

[1] In itself, the argument faces other obstacles. First, Dr. Chafetz does not actually conclude that Wittmann cannot work as an attorney. Instead, he notes his impression that Wittmann's "memory and concentration problems . . . are not borne out by testing or a history of neuropathology." Second, although Dr. Fowler does conclude that Wittman seemingly "would have" or "may" have difficulties working, he does not explicitly attribute these difficulties to a physical illness.

[2] Unum points to additional evidence, such as a note by one of Wittmann's treating physicians that "[D]r. Chafetz's report will probably not help [Wittmann] to be 'disabled.'"

7

Case: 19-30254   Document: 00515367453   Page: 8   Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW   Document 149-1   Filed 04/01/20   Page 8 of 12

No. 19-30254

however, it would not necessarily follow that Unum's denial of physical disability benefits was in bad faith. Perhaps for this reason, Wittmann strives to establish a complete dearth of support for Unum's award of mental illness benefits.

In fact, though, Unum had reason to think that the Social Security Administration based an award of disability benefits to Wittmann on a determination that she had a mental illness. To start, Unum had Dr. Fowler's report, which plainly lists impressions of depression and anxiety. Furthermore, as Unum contends, "Social Security Disability does not have any limitations to benefits based on type of medical condition." Finally, because SSA based its decision in part on Dr. Fowler's report, Unum had reason to think that, although SSA "based its decision on the information [Wittmann] provided," it did not base its decision *solely* on that information. On these grounds, and in light of its own judgment that Wittmann lacked fibromyalgia-induced physical disability, Unum might have rationally concluded that SSA determined that Wittmann had a mental illness.

Still, Wittmann would urge that Unum acted in bad faith because it acted contrary to its own psychologist's opinion regarding Wittmann's mental health. To act contrary to an in-house expert's opinion in favor of what one takes to be the best interpretation of an SSA decision, however, is not an act of bad faith. Instead, it is a decision based on, and certainly "giving significant weight to," SSA's finding of disability—which is what Unum claimed to do. Unum's award of mental illness benefits is weak evidence for the contention that Unum denied long-term disability benefits in bad faith.

No. 19-30254

## III. Further Grounds of Arbitrariness

In addition to arguing lack of substantial evidence and bad faith, Wittmann raises further grounds to conclude that Unum behaved arbitrarily in denying her claim. First, Unum "ignored the totality of the medical evidence." Second, Unum lacked "valid, conflicting professional opinions" and therefore lacked reason not "to credit the opinions of her treating physicians." These proposed grounds for finding an abuse of discretion lack substantiation, however.

Wittmann's allegation that Unum ignored all medical evidence in its final review fails for being conclusory. Wittmann herself notes that "Unum's May 29, 2015 denial letter outlines [her] medical history." Then, Unum's final decision letter reports that two physicians reviewed Wittmann's medical file and explains why Unum's decision differs from the SSA decision, drawing on Dr. Fowler's report. These two letters alone are evidence that Unum actively studied Wittmann's medical evidence. Wittmann counters that Unum's review in May 29, 2015 did not produce her favored outcome, which she deems "consistent with," but not absolutely required by, the evidence. She offers nothing more to substantiate her assertion that Unum ignored her medical evidence in reaching its final decision in 2017. Wittmann "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks omitted).

As a last resort, Wittmann contends that Unum's "reviewing physicians were not qualified independent medical experts" and could not provide "valid, conflicting professional opinions." Yet, this ground is no more solid. The reviewing physicians were board-certified, and "[s]o long as the Plan Administrator's decision is rationally related to the evidence, we do not require the Plan Administrator to credit a particular area of expertise when deciding

9

Case: 19-30254   Document: 00515367453   Page: 10   Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW   Document 149-1   Filed 04/01/20   Page 10 of 12

No. 19-30254

on an applicant's prognosis." *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 249 (5th Cir. 2009). Moreover, this court does not discount a physician's opinion simply because he is "in-house." *Gothard v. Metro. Life Ins. Co.*, 491 F.3d 246, 249 (5th Cir. 2007). In sum, Unum's physicians offered "valid, conflicting professional opinions," and Wittmann has not raised a genuine dispute about the general arbitrariness of Unum's denial of her benefits.

### IV.  Conflict of Interest

Wittmann's final argument that Unum abused its discretion is that Unum operated under a conflict of interest. Wittmann recognizes, however, that if a party fails to give evidence that the conflict influenced the decision, little or no weight should be given to that factor, *McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 458 n. 17 (5th Cir. 2014). For this reason, presumably, she strives to show that Unum's procedure was unreasonable such that its conflict of interest should be given weight in determining whether it abused its discretion.

Wittmann's argument that Unum has a "practice of employing unfair claim settlement practices" involves a few steps. First, she notes that Unum was investigated in the early 2000s for engaging in "systemic unfair claim settlement practices." Next, she reports the "areas of concern" in Unum's procedures that investigators identified. Last, she contends that the present case exemplifies all of those areas of concern.

The difficulty for Wittmann's argument comes just before the final step. If this case had occurred in the early 2000s, Wittmann could perhaps rely on a presumption that Unum's claim settlement practice was unfair. Between then and now, though, Unum underwent corrective action. *Wakkinen v. Unum Life Ins. Co. of Am.*, 531 F.3d 575, 582 (8th Cir. 2008). In 2013, this court recognized that Unum has "adopted new claims-handling practices that have helped cure [its] history of biased claims administration." *Truitt v. Unum Life*

Case: 19-30254     Document: 00515367453     Page: 11     Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW   Document 149-1   Filed 04/01/20   Page 11 of 12

No. 19-30254

*Ins. Co. of Am.*, 729 F.3d 497, 514 (5th Cir. 2013) (internal quotation marks omitted). Thus, courts do not assume that Unum is biased every time it denies a claim. *Id.* Instead, Wittmann must establish that Unum has engaged in procedural irregularities on the strength of her own evidence.

Wittmann alleges various irregularities. They are (1) use of in-house physicians who are not rheumatologists, (2) changed stance toward Dr. Zimmerman's judgment of Wittmann's mental health, (3) choice of the physicians who reviewed the first appeal as reviewers of the final appeal, their past errors notwithstanding, (4) unfair construction of medical evaluations and disregard for procedural requirements and evidence, and (5) placing an inappropriate burden on Wittmann by first requesting "objective evidence" and then rejecting the results of Dr. Chafetz's and Dr. Fowler's testing.

Of these irregularities, only one has not been addressed above, namely Unum's use of the physicians who reviewed the first appeal as reviewers of the final appeal. As stated, the practice is not obviously problematic, for it is reasonable to capitalize on the familiarity with the case that the experienced reviewer already possesses. Wittmann stresses, though, that these reviewers had made mistakes in their initial review. Yet Unum had not acknowledged these alleged mistakes, and it is hardly irregular to reuse reviewers whose mistakes one has not recognized. In any event, Wittmann offers no evidence implying that the physicians unfairly reconsidered her case. This alleged procedural irregularity is unsubstantiated.

Wittmann's remaining "irregularities" are no stronger, and in light of all the evidence, Wittmann has not established such procedural unreasonableness as to render Unum's conflict of interest weighty in determining an abuse of discretion.

Case: 19-30254    Document: 00515367453    Page: 12    Date Filed: 04/01/2020
Case 2:17-cv-09501-MLCF-JCW   Document 149-1   Filed 04/01/20   Page 12 of 12

No. 19-30254

## CONCLUSION

Unum had substantial evidence for its denial of Wittmann's long-term disability claim, and its award of mental illness benefits does not establish that its decision here was in bad faith. Wittmann fails to establish that Unum acted arbitrarily or so irregularly as to suggest that its conflicting interest importantly affected its decision. Thus, Unum did not abuse its discretion, and the district court did not err in granting Unum summary judgment. That judgment is **AFFIRMED**.